UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
COLONY INSURANCE COMPANY,

                      Plaintiff,         Civil Case No.: 1:24-cv-07311-NCM-CLP

  -against-

                                          **STATEMENT OF**
                                          **UNDISPUTED FACTS**
                                          **PURSUANT TO LOCAL RULE 56.1**

CHESTNUT AVENUE LLC and
IDA ZHURAVSKAYA,

                      Defendants
----------------------------------------------------------------------X

       Plaintiff, COLONY INSURANCE COMPANY ("Colony"), in accordance with Rule 56.1 of the Local Civil Rules for the United States District Court for the Eastern District of New York, hereby submits its Statement of Undisputed Facts in Support of its Motion for Summary Judgment.

## THE COLONY AND PELEUS INSURANCE POLICIES

       1.    Colony issued Primary Policy 600 GL 0207641-00 to Chestnut Avenue LLC ("Chestnut") for the policy period of February 20, 2022 to February 20, 2024 with limits of $1 million per occurrence and $2 million general aggregate. ("Colony Policy"). Edwins Aff., Par. 4, Exh. B.

       2.    The Colony Policy contains, as a condition precedent to coverage, Endorsement U658OI-0419, titled the Designated Contractor Warranty Condition Precedent. This Condition Precedent provides in pertinent part:

## DESIGNATED CONTRACTOR WARRANTY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| Designated Contractor (If Applicable): |
|---|
| |

A. **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended by the addition of the following:

**Designated Contractor** (SCHEDULE above applies)

For any "contractor(s)" not specified in the SCHEDULE above, the insured must comply with all of the conditions enumerated below.

We will have no duty to defend or indemnify any insured if prior to the commencement of any work by any "contractor" not specified in the SCHEDULE above the insured fails to satisfy all conditions precedent to coverage set forth below. The insured agrees that we need not demonstrate any prejudice to us as a result of the insured's failure to comply with any of the below conditions in order to enforce those conditions precedent to coverage.

The insured hereby warrants and agrees that any "contractor" not specified in the SCHEDULE above has complied with all of the following conditions prior to the commencement of any work performed:

   **a.** The "contractor" has signed and executed an agreement with the insured which remains in force and effective until the date on which the work is completed and contains the following provisions:

   **(1)** An agreement to defend, indemnify, and hold the insured harmless, to the fullest extent permitted by law, against all losses arising out of the work performed by or on behalf of any such "contractor", including all expenses and legal fees incurred to defend claims alleging such losses; and

   **(2)** A requirement for the "contractor" to name the insured as an Additional Insured under their Commercial General Liability policy on a primary and non-contributory basis in favor of the insured;

   **b.** The "contractor" has maintained "adequate insurance";

2

    **c.** The "contractor" has provided the insured with current Certificates of Insurance evidencing Commercial General Liability and Workers' Compensation and Employer's Liability coverage; and

    **d.** All documents required must be kept on file and made available at our request.

**B.** The **DEFINITIONS** Section is amended by the addition of the following:

"Adequate insurance" means Commercial General Liability Insurance, Workers' Compensation and Employer's Liability Insurance written by an insurance carrier(s) with an A.M. Best rating of not less than A-VII and which:

    **a.** Remains in full force and effect without a lapse in coverage from the date on which the agreement for work being performed for the insured or on the insured's behalf is executed until the date on which the work is completed;

    **b.** Provides Commercial General Liability Limits of Insurance for such operations that are equal to or greater than the following Limits of Insurance including Additional Insured status on a primary and non-contributory basis in favor of the insured:

        **i.** Each Occurrence Limit: $11,000,000

        **ii.** General Aggregate Limit: $12,000,000

        **iii.** Products/Completed Operations Aggregate Limit: $12,000,000

    **c.** Provides Workers' Compensation and Employer's Liability Insurance in compliance with the statutes of the applicable state;

    **d.** Includes coverage for "bodily injury" or "property damage" arising out of work performed by the "contractor" or on behalf of the "contractor" per the agreement of the insured;

    **e.** Does not exclude any claim, "suit", loss, cost or expense arising out of any "bodily injury" to any "worker" of the "contractor"; and

    **f.** Does not contain any conditions or provisions that preclude coverage based on requirements for hiring or contracting with subcontractors or independent contractors.

> "Contractor" means any subcontractor or independent contractor who is directly hired, directly paid, or directly contracted with by the insured.
>
> "Worker" means any "employee", "temporary worker", "leased worker", "volunteer worker", apprentice, intern, casual laborer, borrowed employee, borrowed servant, independent contractor or subcontractor, or any person hired or retained by the "contractor", that performs work, whether directly or indirectly, for any "contractor''.

Edwins Aff., Par. 4, Exh. B.

## THE UNDERLYING ACTION

3. On or about June 6, 2023, a Verified Complaint captioned, *Ida Zhuravskaya v. Chestnut Avenue LLC, V.A.N. Construction Corp., YM Pro Corp., Chesakl Enterprises Mg Inc., and "ABC Corp," representing a yet unknown entity*, was filed in Supreme Court, Kings County; Index No.: 516471/2023 ("Underlying Action"). Edwins Aff., Par. 3, Exh. A.

4. On August 8, 2023, Colony issued a reservation of rights to Chestnut, advising that it was investigating the claim, and expressly reserving all rights under the Designated Contractor Warranty Condition Precedent. Edwins Aff., Par. 4, Exh. B.

5. Thereafter, Colony repeatedly requested that Chestnut provide copies of subcontracts that were entered into between Chestnut and its subcontractors, as well as copies of Certificates of Insurance evidencing that Chestnut's subcontractors possessed insurance for the subject work. Edwins Aff., Par. 5, Exh. C.

6. After Chestnut failed to provide any subcontracts or Certificates of Liability Insurance, on October 23, 2023, Colony disclaimed coverage to Chestnut for the Underlying Action pursuant to its violation of the Designated Contractor Warranty Condition Precedent. Edwins Aff., Par. 5, Exh. C.

7. After Chestnut provided an insurance addendum, Colony withdrew its declination and issued a renewed reservation of rights to Chestnut on December 12, 2023. Edwins Aff., Par. 6, Exh. D.

8. Colony thereafter learned, via discovery in the Underlying Action, that Chestnut's General Contractor/Subcontractor YM Pro Corp. ("YM") was definitively and admittedly uninsured on the date of Underlying Plaintiff's alleged accident. Edwins Aff., Par. 7, Exh. E.

9. Specifically, YM admitted as part of its discovery responses that it was "uninsured for this alleged loss." Edwins Aff., Par. 7, Exh. E.

10. Upon learning of this information, Colony promptly issued a disclaimer of coverage to Chestnut on April 4, 2024, on the basis that Chestnut violated the Designated Contractor Warranty Condition Precedent to coverage. Edwins Aff., Par. 8, Exh. F.

11. Colony thereafter commenced this action. Dkt. 1.

Dated: New York, New York
August 27, 2025

LONDON FISCHER LLP

By: /s/ William J. Edwins
William J. Edwins
Attorneys for Plaintiff
Colony Insurance Company
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000
Our File No.: 417.0567270