

September 12, 2025

**VIA ECF**
Honorable Judge Natasha C. Merle
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:   *Colony Insurance Co. v. Chestnut Avenue, LLC, et al.*
              Case No.: 1-24-cv-07311-NCM-CLP

Dear Honorable Judge Natasha C. Merle:

      We represent Defendant Chestnut Avenue, LLC ("Chestnut") in the above-referenced matter. We respectfully submit this letter in response to Plaintiff's pre-motion letter, filed on August 27, 2025, requesting a pre-motion conference in connection with its anticipated Rule 56 motion. Chestnut further requests this letter and accompanying documents be considered in support of their request for pre-motion conference for proposed Rule 56 cross-motion for summary judgment on counterclaims.

      Colony issued Commercial General Liability Policy No. 600 GL 0207641-00 to Chestnut for the period February 20, 2022 through February 20, 2024 (the "Policy"), with limits of $1 million per occurrence and $2 million in the aggregate. Yuniver Decl., Ex. A. The Policy expressly covers Chestnut's premises located at 3121 Ocean Avenue, Brooklyn, NY 11235-3405. *Id*.

      The Policy obligates Colony to "pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies," and further provides that Colony "will have the right and duty to defend the insured against any suit seeking those damages." *Id*.

      On or about June 6, 2023, Defendant Ida Zhuravskaya ("Zhuravskaya") commenced an action in Kings County Supreme Court (Index No. 516471/2023) (the "Underlying Action") against Chestnut Avenue LLC, V.A.N. Construction Corp., YM Pro Corp., Chesakl Enterprises MG Inc., and "ABC Corp." Finkelshteyn Decl., ¶ 3. Zhuravskaya alleges that on or about June 24, 2022, she was injured in the vicinity of 3121 Ocean Avenue, the premises covered by the Policy. Finkelshteyn Decl., ¶ 4.



At Colony's request, Chestnut provided YM Pro Corp.'s certificate of insurance for the relevant period, together with the construction contract and indemnification rider. Yuniver Decl., Ex. C, D; *see also* Ex. B. Colony not only received and reviewed these documents, but expressly acknowledged their sufficiency and determined that coverage existed. Colony then appointed defense counsel to represent Chestnut in the Underlying Action. Finkelshteyn Decl., ¶ 15; Yuniver Decl., ¶ 3, Ex. B, p. 2.

Nevertheless, in support of its proposed summary judgment motion, Colony relies exclusively on YM Pro Corp.'s purported admission in discovery responses that it did not have coverage for the Underlying Action. Dkt. 27, ¶¶ 8-9. This reliance is misplaced. Colony had already been provided with sufficient proof that YM Pro Corp. carried insurance for June 24, 2022, the date of the alleged incident. Yuniver Decl., ¶ 4, Ex. C. Moreover, upon information and belief, YM Pro Corp.'s insurer has accepted coverage and is defending YM Pro Corp. in the Underlying Action. Finkelshteyn Decl., ¶ 18. Moreover, even V.A.N. Construction Corp., the subcontractor for the project was also adequately insured. Yuniver Decl., ¶ 6, Ex. E.

Colony's current position, disregarding its own prior determination of coverage and the documentary evidence submitted, rests solely on discovery responses that are contradicted by the record. As such, summary judgment should not be granted.

Accordingly, Plaintiff's request for summary judgment should be denied. Moreover, for the reasons set forth herein and in Defendant's Counterstatement of Material Facts, Chestnut's counterclaim for declaratory judgment should be granted.

We thank the Court for its consideration and remain available at the Court's convenience should Your Honor require any additional information.

                                                  Respectfully submitted,

                                                  /s/ *Steven R Yuniver*
                                                  Steven R. Yuniver, Esq.