Docusign Envelope ID: FBE79305-813F-4170-85F3-8DC0F039BA75

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

COLONY INSURANCE COMPANY,

                  *Plaintiff*,

-against-

CHESTNUT AVENUE LLC and IDA ZHURAVSKAYA,

                  *Defendants*.

Case No.: 1:24-cv-07311

---

## DECLARATION OF ALEKSANDR FINKELSHTEYN

I, Aleksandr Finkelshteyn, hereby declare under penalties of perjury that the following is true and correct:

1. Colony issued Commercial General Liability Policy No. 600 GL 0207641-00 to Chestnut, effective February 20, 2022 through February 20, 2024 (the "Policy").

2. The Policy expressly includes coverage for Chestnut's property located at 3121 Ocean Avenue, Brooklyn, NY 11235-3405.

3. On or about June 6, 2023, Defendant Ida Zhuravskaya ("Zhuravskaya") commenced an action in the Supreme Court of the State of New York, Kings County, against Chestnut Avenue LLC, V.A.N. Construction Corp., YM Pro Corp., Chesakl Enterprises MG Inc., and "ABC Corp." (Index No. 516471/2023) (the "Underlying Action").

4. In the Underlying Action, Zhuravskaya alleges that on or about June 24, 2022, she sustained injuries in the vicinity of the premises located at 3121 Ocean Avenue, Brooklyn, New York.

5. I submitted a claim to Colony on behalf of Chestnut and requested defense in the Underlying Action.

6. On August 7, 2023, Colony requested a copy of Chestnut's contract with YM Pro Corp. regarding work at 3121 Ocean Avenue, as well as YM Pro Corp.'s certificate of insurance for June 24, 2022.

7. On October 10, 2023, I emailed Colony a copy of the contract between Chestnut and YM Pro Corp.

8. On October 25, 2023, I re-sent the contract to Colony after realizing it had initially been sent to the wrong email address.

9. On October 31, 2023, Colony acknowledged receipt of the contract and again requested YM Pro Corp.'s certificate of insurance for June 24, 2022.

10. On November 9, 2023, I provided Colony with YM Pro Corp.'s certificate of insurance for the relevant date.

11. That same day, November 9, 2023, Colony disclaimed coverage, asserting that Chestnut's contract with YM Pro Corp. lacked the indemnification language required under the Policy.

12. On November 10, 2023, I informed Colony that the required indemnification provisions were contained in a separate rider and provided Colony with a copy, requesting reconsideration of its denial.

13. On December 1, 2023, Colony reaffirmed its denial of coverage, again contending that Chestnut's contract with YM Pro Corp. lacked the necessary indemnification language.

14. On December 4, 2023, I reiterated to Colony that the indemnification rider had been provided, and explained:

> "On November 10th, I had emailed you the indemnification rider that is signed by all our contractors, including the one in question. This signed "hold harmless" agreement clearly states that the contractor is required to have the owner as an additional insured and to indemnify on the primary and non-contributory basis. The wording is in paragraph 3 of section (iii) . is explicitly

stated on the signed addendum. It has all the right and needed language and the policy needs to cover me as the owner."

15. On December 6, 2023, Colony wrote to me: "After reviewing the insurance/indemnity rider, we've determined there is coverage. I will be in touch with you and assigning counsel shortly […]"

16. Colony was duly provided with a copy of Chestnut's contract with YM Pro Corp., together with the required indemnification rider.

17. Colony was also provided with YM Pro Corp.'s certificate of insurance covering June 24, 2022, the date of the alleged incident.

18. Upon information and belief, YM Pro Corp.'s insurance carrier has accepted coverage and is defending YM Pro Corp. in the Underlying Action.

19. Despite this clear evidence, Colony continues to seek denial of coverage to Chestnut on unsubstantial and technical grounds.

Dated: September 11, 2025
Brooklyn, New York

DocuSigned by:
87549B915F8041C...

Aleksandr Finkelshteyn