UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>            *Plaintiff*,<br><br>-against-<br><br>CHESTNUT AVENUE LLC and IDA ZHURAVSKAYA,<br><br>            *Defendants*. | Case No.: 1:24-cv-07311 |

**RESPONSE TO STATEMENT OF UNDISPUTED FACTS AND DEFENDANT'S COUNTER-STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

Defendant, Chestnut Avenue LLC ("Chestnut"), in accordance with Rule 56.1 of the Local Civil Rules for the United States District Court for the Eastern District of New York, hereby submits its Response to Statement of Undisputed Facts in opposition to Plaintiff Colony Insurance Company's Motion for Summary Judgment.

**RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Chestnut does not controvert the facts alleged in Paragraph 1 of Plaintiff's Statement of Undisputed Facts.

2. Chestnut denies the facts alleged in Paragraph 2 of Plaintiff's Statement of Undisputed Facts and refers to the Policy for its terms. Yuniver Decl., ¶ 2, Ex. A.

3. Chestnut does not controvert the facts alleged in Paragraph 3 of Plaintiff's Statement of Undisputed Facts.

4. Chestnut does not controvert the facts alleged in Paragraph 4 of Plaintiff's Statement of Undisputed Facts.

5. Chestnut denies the facts alleged in Paragraph 5 of Plaintiff's Statement of Undisputed Facts, specifically that Colony "repeatedly" requested copies of subcontracts and certificates of insurance of Chestnut's subcontractors. Yuniver Decl., ¶ 3, Ex. B; Finkelshteyn Decl., ¶ 7, 8 & 10.

6. Chestnut denies the facts alleged in Paragraph 6 of Plaintiff's Statement of Undisputed Facts. Specifically, it is denied that "Chestnut failed to provide subcontracts[.]" On October 10, 2023, Chestnut's principal, Aleksandr Finkelshteyn emailed a copy of the contract as requested. Yuniver Decl., ¶ 3, Ex. B, p. 7; Finkelshteyn Decl., ¶ 7, 8 & 10.

7. Chestnut does not controvert the facts alleged in Paragraph 7 of Plaintiff's Statement of Undisputed Facts.

8. Chestnut denies the facts alleged in Paragraph 8 of Plaintiff's Statement of Undisputed Facts. Specifically, it is denied that Chestnut's General Contractor/Subcontractor YM Pro Corp. was uninsured for the alleged loss. Yuniver Decl., ¶ 4, Ex. C; Finkelshteyn Decl., ¶ 10, 15.

9. Chestnut neither admits nor denies the allegations in Paragraph 9 of Plaintiff's Statement of Undisputed Facts, as it lacks sufficient knowledge or information to form belief as to the truth of the assertions made.

10. Chestnut does not controvert the allegations in Paragraph 10 of Plaintiff's Statement of Undisputed Facts but denies that it violated the Designated Contractor Warranty Condition Precedent as alleged. Yuniver Decl., ¶¶ 4-6, Ex. C-E.

11. Chestnut does not controvert the facts alleged in Paragraph 11 of Plaintiff's Statement of Undisputed Facts.

## DEFENDANT CHESTNUT'S COUNTERSTATEMENT OF MATERIAL FACTS

12. Colony issued Commercial General Liability Policy No. 600 GL 0207641-00 to Chestnut, effective February 20, 2022 through February 20, 2024 (the "Policy"). The Policy provides limits of $1 million per occurrence and $2 million in the aggregate. Yuniver Decl., ¶ 2, Ex. A.

13. The Policy expressly includes coverage for Chestnut's property located at 3121 Ocean Avenue, Brooklyn, NY 11235-3405. Yuniver Decl., ¶ 2, Ex. A; Finkelshteyn Decl., ¶¶ 1-2.

14. The Policy states that Colony "will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies," and that Colony "will have the right and duty to defend the insured against any suit seeking those damages." Yuniver Decl., ¶ 2, Ex. A.

15. On or about June 6, 2023, Defendant Ida Zhuravskaya ("Zhuravskaya") commenced an action in the Supreme Court of the State of New York, Kings County, against Chestnut Avenue LLC, V.A.N. Construction Corp., YM Pro Corp., Chesakl Enterprises MG Inc., and "ABC Corp." (Index No. 516471/2023) (the "Underlying Action"). Finkelshteyn Decl., ¶ 3.

16. In the Underlying Action, Zhuravskaya alleges that on or about June 24, 2022, she sustained injuries in the vicinity of the premises located at 3121 Ocean Avenue, Brooklyn, New York. Finkelshteyn Decl., ¶ 4.

17. Chestnut submitted its claim to Colony and requested defense in the Underlying Action. Finkelshteyn Decl., ¶ 5.

18. On August 7, 2023, Colony requested a copy of Chestnut's contract with YM Pro Corp. regarding work at 3121 Ocean Avenue, as well as YM Pro Corp.'s certificate of insurance for June 24, 2022. Finkelshteyn Decl., ¶ 6; Yuniver Decl., ¶ 3, Ex. B, p. 9.

19. On October 10, 2023, Chestnut's principal, Aleksandr Finkelshteyn, emailed Colony a copy of the contract between Chestnut and YM Pro Corp. Finkelshteyn Decl., ¶ 7; Yuniver Decl., ¶ 3, Ex. B, p. 8.

20. On October 25, 2023, Chestnut re-sent the contract to Colony after realizing it had initially been sent to the wrong email address. Finkelshteyn Decl., ¶ 8; Yuniver Decl., ¶ 3, Ex. B, p. 7.

21. On October 31, 2023, Colony acknowledged receipt of the contract and again requested YM Pro Corp.'s certificate of insurance for June 24, 2022. Finkelshteyn Decl., ¶ 9; Yuniver Decl., ¶ 3, Ex. B, p. 6.

22. On November 9, 2023, Chestnut provided Colony with YM Pro Corp.'s certificate of insurance for the relevant date. Finkelshteyn Decl., ¶ 10; Yuniver Decl., ¶ 3, Ex. B, p. 5-6; Yuniver Decl., ¶ 4, Ex. C.

23. That same day, November 9, 2023, Colony disclaimed coverage, asserting that Chestnut's contract with YM Pro Corp. lacked the indemnification language required under the Policy. Finkelshteyn Decl., ¶ 11; Yuniver Decl., ¶ 3, Ex. B, p. 5.

24. On November 10, 2023, Chestnut informed Colony that the required indemnification provisions were contained in a separate rider and provided Colony with a copy, requesting reconsideration of its denial. Finkelshteyn Decl., ¶ 12; Yuniver Decl., ¶ 3, Ex. B, p. 4; Yuniver Decl., ¶ 5, Ex. D.

25. On December 1, 2023, Colony reaffirmed its denial of coverage, again contending that Chestnut's contract with YM Pro Corp. lacked the necessary indemnification language. Finkelshteyn Decl., ¶ 13; Yuniver Decl., ¶ 3, Ex. B, p. 3.

26. On December 4, 2023, Chestnut reiterated to Colony that the indemnification rider had been provided, and explained:

> "On November 10th, I had emailed you the indemnification rider that is signed by all our contractors, including the one in question. This signed "hold harmless" agreement clearly states that the contractor is required to have the owner as an additional insured and to indemnify on the primary and non-contributory basis. The wording is in paragraph 3 of section (iii) . is explicitly stated on the signed addendum. It has all the right and needed language and the policy needs to cover me as the owner."

Finkelshteyn Decl., ¶ 14; Yuniver Decl., ¶ 3, Ex. B, p. 2.

27. On December 6, 2023, Colony wrote to Chestnut: "After reviewing the insurance/indemnity rider, we've determined there is coverage. I will be in touch with you and assigning counsel shortly […]" Finkelshteyn Decl., ¶ 15; Yuniver Decl., ¶ 3, Ex. B, p. 2.

28. Colony was duly provided with a copy of Chestnut's contract with YM Pro Corp., together with the required indemnification rider. Finkelshteyn Decl., ¶ 16; Yuniver Decl., ¶ 3, Ex. B.

29. Colony was also provided with YM Pro Corp.'s certificate of insurance covering June 24, 2022, the date of the alleged incident. Finkelshteyn Decl., ¶ 17; Yuniver Decl., ¶ 4, Ex. C.

30. Upon information and belief, YM Pro Corp.'s insurance carrier has accepted coverage and is defending YM Pro Corp. in the Underlying Action. Finkelshteyn Decl., ¶ 18.

31. Moreover, V.A.N. Construction Corp., the subcontractor for the project was also adequately insured. Yuniver Decl., ¶ 6, Ex. E.

32. Despite this clear evidence, Colony continues to seek denial of coverage to Chestnut on unsubstantial and technical grounds. Dkt. 1.

Dated: September 12, 2025
       Brooklyn, New York

    */s/ Steven R. Yuniver*
    Steven R. Yuniver, Esq.
    KAHN YUNIVER LAW
    710 Avenue U
    Brooklyn, NY 11223
    T: (718) 402-2240
    F: (718) 305-4571
    Steven@kypcl.com
    *Attorneys for Defendant Chestnut Avenue LLC*