# LONDON FISCHER LLP

59 MAIDEN LANE
NEW YORK, NEW YORK 10038

---

IRVINE OFFICE
2505 MCCABE WAY, SUITE 100
IRVINE, CALIFORNIA 92614

(212) 972-1000
FACSIMILE: (212) 972-1030

LOS ANGELES OFFICE
800 WILSHIRE BOULEVARD, SUITE 1550
LOS ANGELES, CALIFORNIA 90017

WWW.LONDONFISCHER.COM

December 22, 2025

**VIA ECF**

Hon. Judge Natasha C. Merle
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Colony Insurance Company v. Chestnut Avenue LLC and Ida Zhuravskaya*
E.D.N.Y. Civil Case No. : 1:24-cv-07311-NCM-CLP

Dear Judge Merle:

We represent Plaintiff, Colony Insurance Company ("Colony") and seek the Court's guidance. On August 27, 2025, Colony submitted its Pre-Motion Conference Request pursuant to Magistrate Pollak's September 17, 2025 Order and Your Honor's Individual Practices and Rules seeking this Court's permission to make a Motion in accordance with Rule 56 of the Federal Rules of Civil Procedure. See Dkt. 25.

The basis of Colony's Motion for Summary Judgment is that its Named Insured, Defendant, Chestnut Avenue LLC ("Chestnut") violated a Condition Precedent to Coverage in the Colony Policy. Chestnut's Contractor, YM Pro Corp. ("YM"), expressly admitted that it was not insured for the subject work which was the basis for the Underlying Bodily Injury Action brought by Ida Zhuravskaya. Specifically, YM stated, "Defendant was uninsured for this alleged loss." Within 30 days upon learning of this information, Colony disclaimed coverage to Chestnut as Chestnut expressly failed to comply with the requirements of the Designated Contractor Warranty Condition Precedent. The history of this matter and Colony's position was fully set forth in its Pre-Motion Submission. See Dkt. 25.

On September 12, 2025, Chestnut submitted its Pre-Motion Submission seeking permission for a Cross-Motion and claiming Colony's Motion for Summary Judgment "should not be granted" based on a Certificate of Insurance which has long held to be legally irrelevant and

in fact, states so on its face[1]; *See Lopez v. Rutgers Cas. Ins. Co.*, 298 F. Supp. 3d 503 (E.D.N.Y. 2018). See Dkt. 29

Chestnut further affirmed to this Court that, "YM Pro Corp. carried insurance for June 24, 2022, the date of the alleged incident. Moreover, upon information and belief, YM Pro Corp.'s insurer has accepted coverage and is defending YM Pro Corp. in the Underlying Action. Moreover, even V.A.N. Construction Corp., the subcontractor for the project was also adequately insured." See Dkt. 29.

With the Court's permission, pursuant to its October 27, 2025 Order, Colony has again confirmed the following with underlying defense counsel:

- YM has continuously denied that it is covered by insurance, including in written responses dated November 21, 2023 and January 23, 2024;
- YM is represented by Ginsburg & Minsk which YM has retained itself;
- YM's insurer has disclaimed coverage to YM;
- YM has no insurance coverage;
- V.A.N. Construction Corp.'s ("V.A.N.") insurer disclaimed coverage to V.A.N; and
- V.A.N. has no insurance coverage.

Upon learning this, Colony twice requested that Chestnut withdraw its improper Submission to the Court as Colony's confirmation is instantly dispositive to the Declaratory Judgment Action and would thus resolve the coverage dispute before Your Honor. Colony also provided Chestnut with positive news that the amount in dispute in the Underlying Action was lower than previously thought. Chestnut did not address the positive developments and refused to withdraw its false Submission to this Court, thus unnecessarily prolonging this coverage matter.

This confirmation and information refutes the entire basis of Chestnut's factually deficient Submission, rendering it moot, along with its position in this Declaratory Judgment Action. At a minimum, Chestnut's Submission must be disregarded as a matter of law, thus rendering Colony's Motion for Summary Judgment unopposed and preventing Chestnut from Cross-Moving from Summary Judgment.

Based on the foregoing, Colony seeks the Court's guidance as to how to move forward with its Motion for Summary Judgment, including a possible Conference or separate briefing on this issue. In this regard, Colony requests a short adjournment of its Motion submission date of January 5, 2026, set forth in this Court's October 27, 2025 Order, pending the Court's subsequent Order on this issue, as same may need to be further addressed in its dispositive motion.

---

[1] THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

Colony remains appreciative of the Court's time and assistance.

Respectfully submitted,

LONDON FISCHER LLP


By: /s/ *William J. Edwins*
William J. Edwins
Attorneys for Plaintiff
Colony Insurance Company
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000